[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this summary process action the plaintiff seeks possession on the grounds of nonpayment of rent. The tenancy is federally subsidized under 24 C.F.R. § 881.607 as a project based § 8 CT Page 5257-S tenancy. The defendant raises three special defenses: 1) no rent was due under §§ 47a-5 and 47a-57 because of a lack of certificate of occupancy, 2) no rent was due under § 47a-4a
due to noncompliance with § 47a-7, and 3) the circumstances require equitable relief against forfeiture of her lease.
Facts
The subject premise is Apartment N-221 at 140 Russ Street, also known as the Billings Forge apartments. The defendant has resided there since December 1990, with her two children, now aged eleven and five. Under the lease that was renewed in November 1995, (Ex. 1), the defendant pays $46.00 monthly rent, an amount less than market rent. Because her apartment is project based § 8, the § 8 subsidy stays with the apartment and is not personal to her.
Billings Forge apartments contain ninety nine units, 50% of which are subject to a § 8 federal subsidy. The apartments, which border Russ, Lawrence and Broad Streets were rehabilitated in the early 1980's. The City of Hartford Bureau of Licenses and Permits issued certificates of occupancy for 220 Lawrence Street and 210 Lawrence Street on October 8, 1981. According to the testimony of Alvin Estrada, a City of Hartford Housing Code Enforcement Officer, 140 Russ Street is contained within 210 and 220 Lawrence Street. There is no certificate of apartment occupancy for this apartment. The court finds that the evidence fairly supports the foregoing facts.
The defendant Ivette Martinez testified that she did not pay CT Page 5258 rent in March 1996 because of the death of her aunt on March 6, 1996. She telephoned "Tom" at the office sometime between March 6 and 10th to tell him the rent would be late. She did not tell him why or when she would pay the rent. She left for New York City (Brooklyn) for her aunt's funeral on March 7, 1996 and returned either March 11th or 12th. She next got in touch with Tom on March 22, 1996, eight days after the Notice to Quit was served, and when she had the money to pay the rent. She testified that her March rent and the monthly use and occupancy due each month thereafter has been put in escrow by her attorney.
She testified that in March 1996 there were problems with sufficiency of heat in her apartment, defective windows, rugs in poor repair, a hole in her living room, a leaking ceiling and a defective stove burner. While she did not complain to the appropriate city agency about the insufficiency of heat, she testified that her neighbors did. The city housing code enforcement officer, Alvin Estrada, had no records regarding the defendant's unit but did have records regarding heat problems in other units in the building in 1995 and 1996.
The plaintiff's property manager, Fred Shuman, and the office manager, Tom Giglio, both testified and denied recalling any message from the defendant regarding a delay in March rent. The plaintiff introduced a page from a notebook in which both men would enter notations as to late rent payments; Ex. 2 was a page with March 1996 entries that did not include a reference to Ivette Martinez.
Discussion
In weighing the evidence as set forth above, the court finds that the plaintiff has proved the allegations of its complaint. As to the first special defense, the court further finds that based upon the evidence, C.G.S. § 47a-57(d) exempts this premises from the effect of no certificate of apartment occupancy. As to the second special defense, the court finds that the defendant has not met her burden of proof under C.G.S. §47a-4a and § 47a-7. Marin v. Gray, H-304 (1/28/82)("the statutory right to withhold rent payments is not available except in cases where there is a substantial dereliction on the part of the landlord which creates a health or safety hazard and where the tenant has brought the matter to the attention of local officials responsible for enforcing building or health codes.") CT Page 5259
The third special defense seeks the equitable remedy of nonforfeiture. In East Hartford Housing Authority v. Parker, H-976 (8/7/92), Judge Holzberg set forth the four factors to "weigh and consider" under Fellows v. Martin, 217 Conn. 57 (1991). The court has considered and weighed those four factors in this case and finds that under the particular facts and circumstances of this case, equity will prohibit a forfeiture. The loss to the defendant is disproportionate to that loss the plaintiff will suffer in that she and her two minor children will lose the § 8 subsidized housing. The loss is reparable through payment of the arrearage and costs. The defendant is ready, willing and able to tender the entire arrearage and has offered a prompt payment of costs incurred by the plaintiff in bringing this action. As to the factor of the defendant's "clean hands", the court was most troubled by the circumstances surrounding the defendant's failure to pay the rent. While there was conflicting testimony as to the events surrounding the nonpayment in March, the court finds that the defendant was negligent in failing to meet this obligation. However, in light of the court's determination as to the other factors as well as the comment in Fellows as to the viability of this factor (217 Conn. At 67)[1], the court will not deny equitable relief solely on this ground.
For the foregoing reasons, the court finds for the defendant on her third special defense. Accordingly, the defendant is ordered to pay to the plaintiff the rent for March and the use and occupancy for April, May, June, July and August, 1996 to the plaintiff within seven days of the filing of this decision. The court will hold a hearing to determine the costs to be awarded to the plaintiff.
Judgment may enter accordingly.
Alexandra Davis DiPentima, Judge